**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| TROY BLESSING AND<br>CHRISTENE BRADBURY,<br><br>PLAINTIFFS<br><br>v.<br><br>NAMCO, LLC.,<br><br>DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:10-cv-408-DBH |

**REPORT OF PRE-FILING CONFERENCE UNDER LOCAL RULE 56**

The primary issues on the defendant's summary judgment motion are:

**1.** The applicability of the Maine Whistleblower's Act, 26 M.R.S.A. §§ 831-840, given that the agency in question was OSHA. The plaintiff Blessing also claims that he reported violations to his employer, the defendant, and suffered adverse action as a result. Bard v. Bath Iron Works, 590 A.2d 152, 156 (Me. 1991).

**2.** Whether the plaintiff Bradbury can meet the prima case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and can rebut the defendant's claimed legitimate non-discriminatory reason for the action.

Each party contemplates no more than 40 items in their respective factual statements. It appears that many of the "historical" facts are undisputed, and that the primary disputes will be over whether there is enough for a factfinder to draw an inference of illegitimate motive or pretext. I therefore encouraged the lawyers to attempt to stipulate as many facts as possible and to

focus their motion practice on what is left. The defendant shall file its motion by October 17, 2011. The plaintiffs shall respond by November 7. Any defendant's reply shall be filed by November 14.

**SO ORDERED.**

**DATED THIS 26TH DAY OF SEPTEMBER, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**